UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE OSWALD,

        Petitioner,

  v.                                                         Case No. 08-C-775

MICHAEL THURMER,

        Respondent.

**ORDER**

On September 15, 2008, Theodore Oswald filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waukesha County Circuit Court of, *inter alia,* first-degree intentional homicide. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Oswald's sole claim is based on the Double Jeopardy Clause of the Constitution. Oswald had been convicted by a Waukesha County jury after a heavily publicized 1994 crime spree in which he and his father robbed a bank, took a hostage, and got in a shootout with police. After unsuccessful state appeals, he was granted a writ of habeas corpus in federal district court, and that grant was affirmed by the Seventh Circuit in 2004. *See Oswald v. Bertrand,* 374 F.3d 475 (7th Cir. 2004).

A new trial was held and Oswald was again convicted. Following the conviction, Oswald's counsel filed a no-merit report with the court of appeals, and that court summarily affirmed the conviction. Oswald's only claim there, as here, was that his second trial violated Double Jeopardy. The court of appeals rejected this claim. (Petition at 31.) In doing so, it noted that after a court reverses a conviction or grants a new trial, the Double Jeopardy Clause is not violated by that new trial unless there was prosecutorial misconduct directed at subverting the protections of the Double Jeopardy Clause. "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy,* 456 U.S. 667, 676 (1982). The court of appeals noted that there was no evidence of prosecutorial misconduct in the original trial, and it accepted the trial court's conclusion that the prosecutor's conduct was not motivated in order to "goad" the defendant into moving for a new trial. Accordingly, the court rejected Oswald's Double Jeopardy claim.

I reach the same conclusion here. In its opinion affirming Oswald's original grant of habeas corpus, the Seventh Circuit observed in passing that the prosecutor made every effort to prevent the judge from inquiring about possible juror bias. 374 F.3d at 479. Oswald makes much of this

2

comment, but the comment merely reflects an aggressive prosecutorial position rather than misconduct. In short, it is not "misconduct" for the prosecutor to take the position that the jurors were not unduly biased. After all, the trial judge *agreed,* the case was affirmed on appeal, and one member of the Seventh Circuit panel found any notion of juror bias unmoving. 374 F.3d at 484 (Evans, J., dissenting). Given the close question of juror bias, evidenced by disagreements among state and federal judges on the issue, it can hardly be said that the prosecutor's advocacy of that position prior to trial constituted misconduct. The fact that the conviction was later reversed in federal habeas proceedings does not somehow mean the constitutional defect was due to misconduct. And, as the state court of appeals noted, the alleged misconduct occurred *before* the trial even began. The Double Jeopardy exception for prosecutorial misconduct is intended to curb prosecutorial attempts to achieve a conviction in a trial that otherwise might result in acquittal, and at the pre-trial stage there was absolutely no incentive for the prosecutor to attempt such a strategy.

Ultimately, if there was juror bias, that arose from the extensive media coverage and the jurors themselves – it was not incumbent on the prosecutor to side with the defendant's position on that issue. Although in retrospect it may be clear that more vigilance on this issue may have well served all sides (not to mention the public), the rationale for preventing a second trial on Double Jeopardy grounds is wholly absent here. Accordingly, the petition will be dismissed.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. I further hereby **DENY** a certificate of appealability on the issue, as I do not find that reasonable jurists could disagree.

Dated this   19th   day of September, 2008.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge