UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE OSWALD,

    Petitioner,

v.                                             Case No. 08-C-775

MICHAEL THURMER,

    Respondent.

## ORDER

Petitioner has filed a notice of appeal, a request for a certificate of appealability ("COA"), and a motion to proceed *in forma pauperis* ("IFP"). This Court has already denied a COA, as I do not conclude that reasonable jurists could debate that Oswald's second trial did not violate Double Jeopardy. Although I am denying a COA, the matter of IFP status presents a slightly different question. If a litigant is indigent (as the petitioner is), a court may not deny IFP status on appeal unless the appeal is made in bad faith. A district court should not apply an inappropriately high standard when making good faith determinations. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 [1967]); *see also, Coppedge v. United States,* 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

Although I conclude the COA should not issue, the appeal is not a frivolous one. Accordingly, IFP status on appeal is **GRANTED**. The certificate of appealability is **DENIED**.

**SO ORDERED** this    15th    day of October, 2008.

                                       s/ William C. Griesbach
                                       William C. Griesbach
                                       United States District Judge