UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE W. OSWALD,

    Petitioner,

v.                         Case No. 08-C-775

MICHAEL THURMER,

    Respondent.

## ORDER DENYING MOTION

    Theodore W. Oswald was convicted of multiple crimes, including first degree murder, by a Waukesha County jury after a heavily publicized 1994 crime spree in which he and his father robbed a bank, took a hostage, and got in a shootout with police. After unsuccessful state appeals, he was granted a writ of habeas corpus in federal district court, and that grant was affirmed by the Seventh Circuit in 2004. *See Oswald v. Bertrand*, 374 F.3d 475 (7th Cir. 2004). A new trial was held and Oswald was again convicted. Following the conviction, Oswald's counsel filed a no-merit report with the court of appeals, and that court summarily affirmed the conviction. The Wisconsin Supreme Court denied his petition for review, and on September 15, 2008, Oswald then commenced this action with the filing of a petition for federal habeas corpus, claiming that his second trial violated Double Jeopardy. On September 22, 2008, this Court summarily dismissed Oswald's petition on its initial review under Rule 4 of the Rules Governing Section 2254 Petitions and denied him a certificate of appealability. Oswald appealed, but the Court of Appeals likewise denied his request for a certificate of appealability on March 18, 2009. On July 12, 2021, some twelve years later, Oswald filed a motion under Rule 60 of the Federal Rules of Civil Procedure in which he challenges the amount of restitution assessed by the sentencing court under section

973.20 of the Wisconsin Statutes and the current efforts by the State to collect it. The motion is summarily denied for lack of jurisdiction.

Section 2254 is a vehicle for state prisoners to challenge their custody. The federal remedy is available only for state prisoners who claim that their custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. In his motion for relief under Rule 60, Oswald makes no such claim. He has thus failed to state a claim for relief under § 2254.

Even if he was challenging his state custody, Oswald's motion would be summarily denied. Such a claim would constitute a second or subsequent petition since Oswald's initial petition challenging his conviction was summarily denied more than twelve years ago. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Oswald has not sought such leave.

Finally, it appears from his motion that Oswald is not really seeking relief from the Court's earlier order denying his petition for relief under § 2254. In his motion, Oswald asserts that the State's increased garnishment of his discretionary prison account has created an undue hardship for him and that the law under which the state is collecting restitution for his crimes, Wis. Stat. § 973.20, is unconstitutional. To the extent Oswald is claiming a violation of his constitutional rights not affecting his custody, he may be able to seek relief under 42 U.S.C. § 1983. But a civil action under § 1983 requires a separate filing and payment of a filing fee.

Accordingly, and for all of the reasons set forth above, Oswald's Rule 60 for relief from judgment is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of July, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge